UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE HILL,

      Plaintiff,

v.

Case No. 2:24-CV-64-KCD

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,
_____/

## ORDER

Plaintiff Jane Hill sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for disability insurance benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## I. Background

Hill filed the application for disability benefits under review in October 2020. She alleged a disability onset date of September 1, 2013. (Tr. 10.) For disability insurance benefits, like sought here, a claimant is eligible "where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Hill was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

last insured on September 30, 2013, meaning she needed to prove a disabling condition during the preceding thirty days. (Tr. 10.)

Hill's application was denied initially and again upon reconsideration. (Tr. 152-53, 163-64.) She then requested further review before an administrative law judge ("ALJ").

Following a hearing, the ALJ found that Hill had medically determinable impairments of "endometriosis; polycystic ovarian syndrome; lumbosacral radiculopathy; hypertension; obesity; depression; anxiety; alcohol use disorder; hiatal hernia (small); acute sinusitis; asymptomatic varicose veins; [and] pre-diabetes." (Tr. 13.) But the ALJ further concluded that these impairments did not significantly limit her ability to perform basic work-related activities for 12-consecutive months, as required. (*Id.* at 13-17.) Thus, she was not disabled as that term is defined in this context. Hill then exhausted her administrative remedies, and this lawsuit followed. (Doc. 1.)

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Thus, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc.*

2

*Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

When deciding whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id*.

### III. Discussion

Hill raises four issues on appeal: (1) whether the ALJ erred by incorrectly stating that a psychological consultant found Hill's mental health disorders not severe; (2) whether the ALJ erred by finding Hill had no severe mental impairments given her assessment under 20 C.F.R. § 404.1520a; (3) whether the ALJ ignored her responsibility to develop a complete medical history; and (4) whether the ALJ erred in rejecting medical opinions from Dr. Dampath Manickam. (Doc. 17 at 1-2.) Hill's final argument is a winner, so the Court proceeds directly there.

In June 2022, Dr. Manickam completed a medical source statement. (Tr. 484-86.) He found that Hill suffers from chronic pain, fibromyalgia, and depression. And because of these conditions, she would be unable to concentrate, understand simple instructions, or use judgment for two-thirds of a workday. (*Id.* at 485.) Hill would also "be off work tasks on a job [for] more than 60%." (*Id.*) Pertinent here, Dr. Manickam opined that these limitations existed as of September 1, 2013 (Hill's alleged onset date) based on his review of "the medical records before and after the onset date of disability." (*Id.*)

Dr. Manickam's medical source statement was submitted to the ALJ for consideration. And this is what she had to say about it: "Dr. Manickam also prepared several other forms[.] However, these too are unpersuasive because

4

he only treated the claimant from March 2021 through June 2022, many years past the date last insured." (Tr. 17.) There is no other mention of Dr. Manickam's assessment.

When dealing with a medical opinion, as here with Dr. Manickam, the ALJ must consider its persuasiveness using several factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other factors." *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *1 (M.D. Fla. Jan. 10, 2023). Supportability and consistency "are the most important factors" in determining persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). As such, the ALJ must explain "how [she] considered the supportability and consistency factors for [each] medical source's medical opinions." *Id.* Put simply, the ALJ must assess the factors of supportability and consistency for each medical opinion. *Thomas v. Comm'r of Soc. Sec.*, No. 6:21-CV-100-EJK, 2022 WL 14816626, at *2 (M.D. Fla. Aug. 3, 2022).

"Supportability" refers to whether the source's medical opinion finds support within the "objective medical evidence" they cite. 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). "Consistency" is a measure of how the medical opinion aligns with evidence from other sources (medical and nonmedical). *Id.*

According to the Commissioner, the ALJ offered "sufficient grounds to afford [Dr. Manickam's opinion] no weight or find it unpersuasive." (Doc. 22

5

at 16.) The Court disagrees. The ALJ did not explain whether or how she considered the supportability and consistency factors. While the decision need not use "magic words," the ALJ's analysis here (in its entirety) is that Dr. Manickam treated Hill "many years past the date last insured." For one thing, this ignores Dr. Manickam's statement that his opinion is based on medical records from 2013. But more importantly, "a reviewing court must be able to discern . . . the basis of the ALJ's findings as to supportability and consistency." *Brioso v. Kijakazi*, No. 22-CV-21991-JEM, 2023 WL 5595912, at *8 (S.D. Fla. Aug. 11, 2023). The ALJ here failed "to articulate *how* her reasoning is related to the factors of supportability and consistency, or otherwise explain her consideration of those two factors." *Vega v. Comm'r of Soc. Sec.*, No. 6:21-CV-1930-EJK, 2022 WL 17414259, at *2 (M.D. Fla. Dec. 5, 2022).

The Commissioner, nonetheless, claims that "a finding that a medical opinion does not sufficiently relate to the period prior to the expiration of the date last insured has been repeatedly held to be sufficient grounds to afford it no weight or find it unpersuasive." (Doc. 22 at 17.) To be sure, a medical opinion unrelated to the disability period can be rejected. But that's not what we have here. Dr. Manickam opined that Hill was disabled in September 2013. And while he did not treat Hill until well later, his medical source statement says he consulted medical records from that time to formulate his

conclusions. The facts here are not like the cases cited by the Commissioner where the medical provider offered an opinion based on evidence outside the disability period. *See, e.g.*, *Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 825 (11th Cir. 2021); *Mlynski v. Colvin*, No. 8:16-CV-129-T-23AEP, 2017 WL 3328244, at *5 (M.D. Fla. Feb. 1, 2017).

If the Commissioner is suggesting that a medical opinion can be rejected simply because it comes after the disability period, the Court likewise disagrees. Such a categorical rule has no support in the regulations, which require the ALJ to assess both supportability and consistency. What is more, medical providers regularly offer retrospective opinions based on historical records. The Commissioner offers no authority holding that temporal proximity alone is enough to reject a medical opinion, and this Court can find no reason to be the first.

While the Commissioner has examined the record and attempted to support the ALJ's assessment of Dr. Manickam (Doc. 22 at 18-19), such post-hoc rationalizations cannot carry the day. *See, e.g., Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). This Court may not decide the facts anew, reweigh the evidence, or interject its own judgment. The ALJ must articulate the persuasiveness of all medical opinions in the record. That did not happen here, and thus remand is required. *See Von Achen v. Comm'r*

7

*of Soc. Sec.*, No. 6:20-CV-1979-LHP, 2022 WL 833679, at *6 (M.D. Fla. Mar. 21, 2022).

Finally, the Court declines to confront Hill's remaining claims because they could be rendered moot with any new decision from the ALJ. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the later proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017).

Accordingly, it is now **ORDERED**:

1. The Commissioner's decision is **REVERSED** and **REMANDED** under 42 U.S.C. § 405(g) for the Commissioner to address the issue outlined above and take any other actions deemed necessary.

2. The Clerk is directed to enter judgment for Hill and against the Commissioner and close the file.

**ENTERED** in Fort Myers, Florida on November 8, 2024.

Kyle C. Dudek
United States Magistrate Judge